# EXHIBIT A

CASE NO. 19-1254  PRIVATE PROCESS

Case Number: 2019-CI-18955

2019CI18955 S00001

**BRIAN T MCVEY**
**VS.**
**STEADFAST INSURANCE COMPANY**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   STEADFAST INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION   was filed on the 10th day of September, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF SEPTEMBER A.D., 2019.

THOMAS A CROSLEY
ATTORNEY FOR PLAINTIFF
3303 OAKWELL CT 200
SAN ANTONIO, TX 78218



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Janel Gutierrez*, Deputy

---

| BRIAN T MCVEY<br>VS<br>STEADFAST INSURANCE COMPANY | **Officer's Return** | Case Number: 2019-CI-18955<br>Court: 225th Judicial District Court |

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
9/10/2019 1:39 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:19-cv-01254   Document 1-1   Filed 10/22/19   Page 3 of 14
CASE NO. 19-1254

CIT PPS M/O - SAC 2

CAUSE NO. **2019CI18955**

| | | |
|---|---|---|
| BRIAN THOMAS MCVEY, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 225th ____ JUDICIAL DISTRICT |
| STEADFAST INSURANCE COMPANY *Defendant.* | § § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, BRIAN THOMAS MCVEY, (hereinafter referred to has "Plaintiff"), complaining of STEADFAST INSURANCE COMPANY (hereinafter referred to as "Defendant" or "Steadfast") as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Pursuant to TEX. R. CIV. P. 190.1, Plaintiff intends to conduct discovery in this matter under Level 3.

### II.
### PARTIES AND SERVICE

2.  Plaintiff is an individual who resides in Boerne, Bexar County, Texas. The last three digits of his driver's license number are 530 and the last three digits of his social security number are 238.

3.  Defendant STEADFAST INSURANCE COMPANY is a duly incorporated insurance company authorized to do business in, and is doing business, in the State of Texas. Defendant may be served with process by serving its registered agent for service, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

4.  Venue is proper in Bexar County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events giving rise to the claim occurred in Bexar County, Texas. Jurisdiction is proper because the court has personal jurisdiction over all parties and the amount in controversy is within the jurisdictional limits of the court.

## IV.
## FACTUAL BACKGROUND

5.  This is an insurance coverage lawsuit. Plaintiff brings this action to obtain a declaration of coverage for damages for personal injuries sustained in a motor vehicle collision on or about November 10, 2017, in San Antonio, Bexar County, Texas, which was proximately caused by the negligence of Edward Gene Craft, an "underinsured motor vehicle" as that term is defined under Lyft, Inc.'s insurance policy with Steadfast. Plaintiff and Mr. Craft were both traveling southbound at or near the 7900th block of IH-10 West, when Mr. Craft failed to notice his unsafe following distance from Plaintiff's vehicle and failed to control his speed, resulting in Mr. Craft impacting with the rear-end of Plaintiff's vehicle. The force of this initial impact then caused Plaintiff's vehicle to collide with the rear-end of the vehicle traveling in front of Plaintiff. As a result of the collision, Plaintiff suffered serious and permanent injuries which were proximately caused by the negligence of Mr. Craft, an underinsured motorist.

At the time of the motor vehicle collision in question, Plaintiff was operating a 2008 Honda Accord as an employee, agent, and/or representative of Lyft, Inc., and was at that time transporting a third-party passenger in the scope of his employment with Lyft, Inc.

## V.
## UNDERINSURED MOTORIST CLAIM AGAINST
## STEADFAST INSURANCE COMPANY

6.  At the time of the motor vehicle collision described above, Lyft, Inc. was

CASE NO. 19-1254

covered by an automobile liability policy of insurance with Defendant Steadfast that included $1,000,000.00 of underinsured motorist coverage. Plaintiff is a covered person under the applicable terms of the policy by virtue of his occupancy in the motor vehicle as a Lyft driver at the time of the accident in question. Plaintiff timely and properly notified Defendant of his claims under the underinsured provision of the policy. Defendant has failed to offer Plaintiff a fair settlement. All conditions precedent to bringing this suit have been performed and/or have occurred.

### VI.

7.      Based on the foregoing facts, and pursuant to the policy of insurance in force and effect covering Plaintiff at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that he is entitled to recover from Defendant Steadfast his damages resulting from the motor vehicle collision of November 10, 2017, that those damages fall within the coverage afforded to him under Defendant's insurance policy, and specifying the amount of damages, attorney fees, interest and court costs that Defendant Steadfast is obligated to pay and any other declarations to which Plaintiff is justly entitled.

### VII.
### DAMAGES

8.      As a result of the collision described above, Plaintiff was injured, causing physical pain, mental anguish, physical impairment, disfigurement, medical expenses and loss of earning capacity, which all of the elements of damages have been sustained in the past and future.

9.      The damages sought are within the jurisdictional limits of the court. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $200,000.00, but no more than $1,000,000.00.

## VIII.
## ATTORNEY FEES

10. Pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37, Plaintiff seeks recovery of reasonable and necessary attorney's fees from Defendant for which he hereby sues.

## IX.
## REQUEST FOR DISCLOSURE

11. Under the authority of TEX. R. CIV. P. 194, Plaintiff requests Defendant disclose, within fifty (50) days of the service of this petition and request, the information or material described in Rule 194.2, including all subparts. Defendant is reminded that it is under a continuing obligation to supplement its answers to this Request for Disclosure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon final trial of this cause, Plaintiff recover:

1. Declaratory judgment against Defendant setting forth the amount of Plaintiff's damages that are covered under Defendant's underinsured motorist policy;

2. Prejudgment interest on Plaintiff's damages as allowed by law;

3. Interest on the judgment at the legal rate from date of judgment;

4. Reasonable and necessary attorneys' fees;

5. Costs of court; and

6. Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

CROSLEY LAW FIRM, P.C.
3303 Oakwell Court, Suite 200
San Antonio, Texas 78218
Telephone No.: (210) 529-3000
Facsimile No.: (210) 444-1561
Service Email: service@crosleylaw.com

By: *[signature]*

4

                          Thomas A. Crosley
                          State Bar No. 00783902
                          Email: tom@crosleylaw.com
                          Brennen S. Jenkins
                          State Bar No. 24092576
                          Email: brennen@crosleylaw.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B

CAUSE NO. 2019CI18955

| | | |
|---|---|---|
| BRIAN THOMAS MCVEY, | § | IN THE DISTRICT COURT |
|    *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | 225TH JUDICIAL DISTRICT |
| | § | |
| STEADFAST INSURANCE COMPANY, | § | |
|    *Defendant.* | § | |
| | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ANSWER

Defendant Steadfast Insurance Company ("Defendant") files its Original Answer.

### GENERAL DENIAL

1. Defendant generally denies all the material allegations contained in Plaintiff's active petition (hereinafter "Plaintiff's Petition") including any supplements or amendments thereto, and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

2. Defendant denies the occurrence or performance of a condition precedent to recovery under an automobile insurance policy in accordance with Texas Rule of Civil Procedure 93(15). Specifically, Plaintiff has not established the liability, damages or the lack of insurance, or the insufficiency thereof, of the alleged tortfeasor. *See generally Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). Neither settlement nor an admission of liability from the alleged tortfeasor establishes

uninsured or underinsured coverage. *Id.* at 818. Neither requesting uninsured or underinsured benefits nor filing suit against the insurer triggers a contractual duty to pay. *Id.*

3. Defendant does not waive any of its rights to insist on application of the policy conditions and any defenses thereunder.

4. Defendant is entitled to all credits and offsets for payments made under any personal injury protection coverage or by any other policy of insurance for the damages asserted by Plaintiff in this suit, including any credit for payments made by or on behalf of the driver who Plaintiff alleges are underinsured or uninsured, as well as any payment made under a personal injury protection policy.

### CHAPTER 33, TEXAS CIVIL PRACTICE & REMEDIES CODE APPLIES

5. Uninsured and underinsured insurance utilizes tort law to determine coverage. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). The insurer's contractual obligation to pay benefits does not arise until liability and damages are determined. *Id.* Therefore, Chapter 33 of the Texas Civil Practice and Remedies Code applies to the liability determination because that determination is based on a tort in which a claimant, defendant, settling person, or responsible third party may be found responsible for a percentage of harm for which relief is sought.

6. Defendant specifically requests that the trier of fact, as to each underlying cause of action asserted, determine the percentage of responsibility for each claimant, each defendant, each settling party, and each responsible third party who has been

designated under Texas Civil Practice and Remedies Code § 33.004 (or otherwise joined into the case). Tex. Civ. Prac. & Rem. Code § 33.003.

7. Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than 50%, regardless of the theory of recovery pled. Tex. Civ. Prac. & Rem. Code § 33.001. Further, the trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility for each claimant, each defendant, each settling party, and each responsible third party who has been designated under Texas Civil Practice & Remedies Code § 33.004.

8. Defendant should be held liable, if at all, only for the proportion of damages sustained by Plaintiff, if any, as is determined by the jury to be the result of the allocable percentage of fault or negligence on the part of the uninsured or underinsured motorist at issue.

## OTHER DEFENSIVE AVERMENTS

9. In addition to any other limitation under the laws, any recovery of medical or health care expenses incurred is limited to the amount actually paid as opposed to the amount that has been billed. Tex. Civ. Prac. & Rem. Code §41.0105; *Haygood v. Garza De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

10. Defendant reserves the right to allege such other affirmative defenses as may become legally available hereafter or become apparent during discovery including, without limitation, those defenses that are specific to the statutory and common law of the jurisdiction in which the action was commenced which were available at the time the action was commenced or became available during the pendency of the action.

## REQUEST FOR RELIEF

11. Defendant requests that judgment be entered in its favor denying Plaintiff any relief, and awarding Defendant such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ William Akins*

William J. Akins
State Bar No. 24011972
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
E-Mail: william.akins@fisherbroyles.com
Telephone: (214) 924-9504
Facsimile: (214) 481-3768

ATTORNEY FOR DEFENDANT
STEADFAST INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2019, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure to Plaintiff's counsel.

*/s/ William Akins*

William J. Akins

Case 5:19-cv-01254   Document 1-1   Filed 10/22/19   Page 13 of 14

CASE NO. 19-1254



# Case #2019CI18955

**Name**: BRIAN THOMAS MCVEY

**Date Filed** : 9/10/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : MOTOR VEHICLE ACCIDENT

**Business Name** : 2019CI18955

**Style** : BRIAN T MCVEY

**Style (2)** : vs STEADFAST INSURANCE COMPANY

CASE NO. 19-1254

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 10/21/2019 | ANSWER OF<br>STEADFAST INSURANCE COMPANY |
| S00001 | 9/16/2019 | CITATION<br>STEADFAST INSURANCE COMPANY<br>ISSUED: 9/16/2019 |
| P00003 | 9/10/2019 | REQUEST FOR SERVICE AND PROCESS |
| P00002 | 9/10/2019 | PETITION |
| P00001 | 9/10/2019 | SERVICE ASSIGNED TO CLERK 2 |